UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

PAUL SPAK,
  Plaintiff,

v.              No. 3:13-cv-01724 (JAM)

SHANE PHILLIPS,
  Defendant.

**RULING GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

  Connecticut law has long allowed a prosecutor to abandon the prosecution of a criminal defendant by means of entering a *nolle prosequi*. *See, e.g., State v. Stanley*, 2 Kirby 25 (Conn. Super. Ct. 1787). Although the entry of a *nolle prosequi* terminates the prosecution of a defendant, it does not prevent a prosecutor from timely re-filing the same charges against the defendant. *See* Conn. Practice Book § 39-31. But if the prosecutor does not resurrect the charges, Connecticut law provides that any police, prosecution, and court records shall be erased 13 months after the charges have been *nolled*. *See* Conn. Gen. Stat. § 54-142a(c)(1).

  Plaintiff in this case has sued a police officer defendant pursuant to 42 U.S.C. § 1983 for malicious prosecution relating to charges initiated by the defendant police officer that were eventually *nolled* by a state prosecutor. The issue now presented is whether the statute of limitations for plaintiff's malicious prosecution claim runs from the date that the charges were terminated by entry of a *nolle prosequi* or from the date, some 13 months later, that the records relating to the charges were required to be erased. I conclude that the statute of limitations began to run on the date that the charges were *nolled*, and therefore that summary judgment should enter against plaintiff on the ground that his lawsuit was not timely filed within the limitation period for a malicious prosecution claim.

1

## BACKGROUND

On June 13, 2010, defendant Shane Phillips—a police officer with the Town of Plainville, Connecticut—applied to a Connecticut state court judge for a warrant to arrest plaintiff Paul Spak on charges of alleged tampering with evidence and interfering with a police officer. The basis for or validity of the charges is not relevant to this ruling. After the warrant was approved, Phillips arrested Spak on June 24, 2010, and Spak was promptly released on a bond. Nearly three months later, on September 10, 2010, a state prosecutor entered a *nolle prosequi* of the charges.

On October 29, 2013, Spak filed the instant lawsuit against Phillips. Spak alleges a federal constitutional claim pursuant to 42 U.S.C. § 1983 for malicious prosecution in violation of the Fourth Amendment. Phillips now moves for summary judgment on the ground that Spak failed to sue within the three-year statute of limitations that governs constitutional causes of action under § 1983.

## DISCUSSION

Summary judgment may be granted only if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). Here, there are no facts in dispute for purposes of Phillips' claim that Spak's lawsuit was not timely filed. The only dispute involves a pure question of law: does the statute of limitations for a constitutional claim of malicious prosecution begin running on the date that the underlying charges have been terminated by means of a *nolle prossequi* or does the statute of limitations begin running only 13 months later on the date that Connecticut law requires erasure of records relating to the entry of a *nolle prosequi*?

The tort of malicious prosecution has venerable roots in the common law. *See, e.g., Goodspeed v. East Haddam Bank*, 22 Conn. 530 (1853). An action for malicious prosecution allows "a man [to] recover damages against another for maliciously and without probable cause instituting a criminal, or, in some cases, a civil prosecution again him upon a false charge." O.W. Holmes, THE COMMON LAW 112 (Little, Brown & Co. orig. 1881).

In Connecticut, a malicious prosecution claim requires a plaintiff to prove "that: (1) the defendant initiated or procured the institution of criminal proceedings against the plaintiff; (2) the criminal proceedings have terminated in favor of the plaintiff; (3) the defendant acted without probable cause; and (4) the defendant acted with malice, primarily for a purpose other than that of bringing an offender to justice." *Brooks v. Sweeney*, 299 Conn. 196, 210-11 (2010). A state law claim for malicious prosecution may in turn rise to the level of a federal constitutional claim that is actionable under 42 U.S.C. § 1983 if the defendant is a state actor and if the plaintiff who was subject to malicious prosecution was also subject to an arrest or seizure within the meaning of the Fourth Amendment. *See, e.g., Manganiello v. City of New York*, 612 F.3d 149, 160-61 (2d Cir. 2010); *Roberts v. Babkiewicz*, 582 F.3d 418, 420 (2d Cir. 2009) (*per curiam*).[1]

Congress has not prescribed a statute of limitations for constitutional causes of actions under § 1983. In the absence of guidance from Congress, the Second Circuit has instructed that

---

[1] It is not self-evident that a common law claim for malicious prosecution should be re-packagable as a constitutional violation, and the Supreme Court has reserved deciding whether a malicious prosecution claim may properly be pursued at all under § 1983. *See Wallace v. Kato*, 549 U.S. 384, 390 n.2 (2007). In any event, by expressly incorporating the elements of a state law cause of action as part of a constitutional cause of action under § 1983, the Second Circuit has fallen in line with some federal courts of appeals that have adopted a "blended constitutional/common law" approach to the elements of a Fourth Amendment cause of action for malicious prosecution, as distinct from the approach of other federal courts of appeal that recognize a constitutional violation without reliance on the elements of a common law violation. *See Hernandez-Cuevas v. Taylor*, 723 F.3d 91, 98 - 101(1st Cir. 2013) (describing circuit split on this issue and noting that "[t]he rights guaranteed by the Fourth Amendment are not superseded by the common law, and we see no principled reason why plaintiffs alleging a constitutional injury should be entitled to relief only if they can demonstrate that their claim meets all the elements of a common law claim").

the statute of limitations must be borrowed from analogous state law limitations periods and that the analogous state law limitations period for a § 1983 action in Connecticut is three years. *See Walker v. Jastremski*, 430 F.3d 560, 562 (2d Cir. 2005); *see also Wallace v. Kato*, 549 U.S. 384, 387 (2007) ("the length of the statute of limitations" for a § 1983 action "is that which the State provides for personal-injury torts").

Although state law determines the length of the statute of limitations for a § 1983 action, it is federal law that determines when the statute of limitations period begins to run. *See Wallace*, 549 U.S. at 388. For § 1983 actions, federal law "establishes as the time of accrual that point in time when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Singleton v. City of New York*, 632 F.2d 185, 191 (2d Cir. 1980) (citation and internal quotation marks omitted). Thus, as the Second Circuit has explained, "[t]he crucial time for accrual purposes is when the plaintiff becomes aware that he is suffering from a wrong for which damages may be recovered in a civil action." *Id.* at 192. To the same effect, the Supreme Court has noted "the standard rule that accrual occurs when the plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief." *Wallace*, 549 U.S. at 388 (internal citations, quotations, and bracket marks omitted); *Smith v. Campbell*, 782 F.3d 93, 100 (2d Cir. 2015) (same).[2]

Here, I conclude that the statute of limitations for Spak's malicious prosecution claim began running on the day that the prosecution entered the *nolle prosequi* to abandon the

---

[2] Not to the contrary is the Second Circuit's decision *Murphy v. Lynn,* 53 F.3d 547, 548 (2d Cir. 1995), in which the court stated that the limitations period for a malicious prosecution claim starts to run "only when the underlying criminal action is *conclusively* terminated." *Id.* at 548 (emphasis added). I do not understand *Murphy*'s reference to charges that have been "conclusively" terminated to require that the underlying charges have been dismissed with prejudice to re-filing. The *Singleton* decision—upon which *Murphy* relies for its statement that charges must be "conclusively terminated"—does not state such a requirement, and the reference in *Murphy* to charges that have been "conclusively terminated" was not necessary to the court's holding. Moreover, *Murphy* did not involve a *nolle prosequi* but involved a dismissal of charges on speedy-trial-act grounds. Here, it is evident—for reasons described elsewhere in this ruling—that the entry of a *nolle prosequi* was a favorable termination of the charges against plaintiff in this case and that it was for all intent and purposes a conclusive termination as well.

4

prosecution against him. It was on this date that Spak's substantive right to relief became complete, in light of well-established precedent making clear that the entry of a *nolle prosequi* ordinarily satisfies the favorable-termination requirement for a plaintiff's malicious prosecution claim. *See Roberts v. Babkiewicz*, 582 F.3d at 420-21 (noting that "Connecticut law adopts a liberal understanding of a favorable termination for the purposes of a malicious prosecution claim" and noting with apparent approval that "the majority of cases from Connecticut courts interpret Connecticut law so that a *nolle prosequi* satisfies the 'favorable termination' element as long as the abandonment of the prosecution was not based on an arrangement with the defendant" indicating that the prosecution did not lack merit); *See v. Gosselin*, 133 Conn. 158, 159 (1946) (favorable termination requirement does not require an acquittal but it "is sufficient if [plaintiff] was discharged without a trial under circumstances amounting to an abandonment of the prosecution without request from or by arrangement with him").

Nothing in Connecticut law suggests that a disposition by *nolle prosequi* is anything but a favorable termination of a prosecution for a criminal defendant. Indeed, Connecticut law provides that "[t]he entry of a nolle prosequi *terminates* the prosecution and the defendant shall be released from custody." Conn. Practice Book § 39-31 (emphasis added). "If subsequently the prosecuting authority decides to proceed against the defendant, a new prosecution must be initiated." *Ibid.* Thus, "[i]n Connecticut, after a nolle prosequi has been entered, the statute of limitations continues to run and a prosecution may be resumed only on a new information and a new arrest." *State v. Winer*, 286 Conn. 666, 684-85 (2008); *see also Martin v. Hearst Corp.*, 777 F.3d 546, 548 n.1 & 549 (2d Cir. 2015) (same). In the meantime, upon a prosecutor's entry of a *nolle prosequi*, the "individual concerned is no longer a defendant in a criminal case," and "he

5

stands accused of no crime and his release is unconditional." *State v. Daly*, 111 Conn. App. 397, 402 (2008) (internal quotation marks omitted).

Spak contends that his cause of action did not accrue until 13 months after the charges were *nolled* at which time, by operation of Connecticut law, his records relating to the charges were to be erased. *See* Conn. Gen. Stat. § 54-142a(c)(1).[3] I do not agree. The erasure statute is a record-keeping law that governs the disposition of records, not the disposition of charges that have already been deemed terminated by operation of law upon entry of a *nolle prosequi*. *See* Conn. Practice Book § 39-31; *Winer*, 286 Conn. at 679-80 (noting that § 54-142a "addresse[s] … the erasure of records … [which is] administrative rather than substantive in intent"). Accordingly, as Chief Judge Hall has correctly concluded, "because a nolle meets the favorable termination element for malicious prosecution, the claim accrues at that date" and not the later statutory date for erasure of records. *Woodbury v. Johnson*, 2014 WL 2871583, at *3 (D. Conn. 2014).

Nor am I persuaded by Spak's reliance on *Cislo v. Shelton*, 240 Conn. 590 (1997), a case that did not involve a claim of malicious prosecution or an issue of a statute of limitations. The decision in *Cislo* examined whether a criminal charge had been "dismissed" for purposes of a Connecticut law governing indemnification of police officers who have been criminally charged; the instant case does not involve the indemnification statute at issue in *Cislo*, and the *Cislo* decision does not otherwise offer useful guidance about whether a malicious prosecution claim accrues on the date that the underlying prosecution has been terminated by means of a *nolle prosequi*.

---

[3] "Whenever any charge in a criminal case has been nolled in the Superior Court, or in the Court of Common Pleas, if at least thirteen months have elapsed since such nolle, all police and court records and records of the state's or prosecuting attorney or the prosecuting grand juror pertaining to such charge shall be erased, …" Conn. Gen. Stat. § 54-142a(c)(1).

The implications of Spak's argument could be troubling for other malicious prosecution claims. For if Spak were correct that the statute of limitations did not begin to run until 13 months after the charges were *nolled*, this would presumably mean that any plaintiff who has been the victim of malicious prosecution must wait more than a year after the charges have been favorably terminated by *nolle* in order to file a malicious prosecution claim. This would encourage the filing of stale claims and ill-serve the purposes of speedy relief for those who have been wrongfully subject to prosecution.

## CONCLUSION

Plaintiff's claim is barred by the statute of limitations. Accordingly, defendant's motion for summary judgment (Doc. #34) is GRANTED. The Clerk of Court shall close the case.

It is so ordered.

Dated at New Haven this 13th day of October 2015.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge